# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-168-LRR |
| vs. | **ORDER** |
| JOSE CONTRERAS, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are the government's "Motion in Limine" ("Motion") (docket no. 67) and Defendant Jose Contreras's request to exclude evidence, which is set forth in Defendant's Resistance (docket no. 72) and Supplemental Resistance (docket no. 80).

## II. RELEVANT PROCEDURAL HISTORY

On December 8, 2011, a grand jury returned a two-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with harboring an alien and encouraging or inducing an alien to unlawfully reside in the United States, or aiding and abetting the commission of such offenses, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(ii).[1]

On December 3, 2012, the government filed the Motion. On December 10, 2012, Defendant filed his Resistance. In addition to responding to the Motion, Defendant's Resistance also requests that the court exclude evidence that Defendant allegedly signed

---

[1] On December 10, 2012, the court granted the government's "Motion to Strike" (docket no. 70) the allegation that Defendant did "transport and move, and aid and abet the transporting and moving of, the alien within the United States." Order (docket no. 71) at 1 (quoting Indictment at 1, 2) (internal quotation marks omitted).

an Immigration Form I-9 that contained false information.[2]  On December 15, 2012, the government filed a Resistance (docket no. 78) to Defendant's request to exclude evidence regarding the Form I-9.  On December 17, 2012, Defendant filed a Supplemental Resistance (docket no. 80), in which Defendant notes that, since he filed his initial Resistance, "the government has expressed an intent to introduce allegedly false Form I-9s submitted by individuals other than [Defendant]."  Defendant's Supplemental Resistance at 1.  Accordingly, Defendant states that he "formally objects to the admission of these Form I-9s, as well."  *Id.*  Neither party requests oral argument and the court finds that a hearing is unnecessary.  The matter is fully submitted and ready for decision.

### III.  ANALYSIS

In the Motion, the government asks the court to exclude any evidence or comment regarding:

> 1. Any out-of-court statements attributed to [D]efendant, including any potentially "exculpatory" statements made by [D]efendant out-of-court;
>
> 2. Defendant's intent, knowledge, guilt, or innocence, unless offered through [the] testimony of [D]efendant;
>
> 3. The potential penalties [D]efendant may face upon conviction of either count with which he is charged[,] including any potential immigration consequences;
>
> 4. Any psychological or other mental health examination of [D]efendant; [D]efendant's current or past mental health; any mental health condition or diagnosis

---

[2] The court notes that Defendant did not comply with Local Rule 7(e), which provides: "A resistance to a motion may not include a separate motion . . . by the responding party.  Any separate motion . . . must be filed separately as a new motion." LR 7(e); *see also* LR 7(a) ("The term 'motion,' as used in the Local Rules, includes . . . [a]ll motions, whether civil or criminal . . . ."); LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases . . . .").  Nevertheless, the court shall address Defendant's request.

>>allegedly relating to [D]efendant; [D]efendant's alleged low intelligence; or [D]efendant's ability or competency to form the requisite intent to commit the crimes charged;
>
>5. The government's charging decisions generally, or specifically in this case.

Motion at 1-2. In his Resistance and Supplemental Resistance, Defendant requests that the court exclude evidence that he and other individuals allegedly provided false information on Form I-9s that they signed in connection with their work for Eastern Iowa Construction ("EIC"). The court shall address each category of evidence in turn.

### A. *Out-of-Court Statements*

First, the government requests that the court exclude out-of-court statements Defendant made, including statements he made to law enforcement and mental health professionals. *See* Memorandum in Support of Motion (docket no. 67-1) at 3-10. The government does not identify any particular statements it wishes the court to exclude. In his Resistance, Defendant states that, "[i]f [he] offers evidence at trial, he intends to do so consistent with the Federal Rules of Evidence." Defendant's Resistance at 1. Defendant notes that he may seek to rely on the "rule of completeness," or Federal Rule of Evidence 106, *id.* at 1, but, "[u]ntil Defendant knows how the government's witness(es) will testify, . . . he cannot respond more definitively," *id.* at 2.

The court finds that the government's request is premature. Because the court does not have specific statements to review, the court cannot determine whether such statements are admissible. Accordingly, the court shall deny the Motion to the extent it seeks to exclude Defendant's out-of-court statements. The parties may object to any alleged hearsay at the appropriate time at trial.

### B. *Defendant's Intent, Knowledge, Guilt or Innocence*

Second, the government requests that the court preclude any witnesses other than Defendant from "comment[ing] on whether or not [D]efendant intentionally or knowingly

3

committed the crimes with which he has been charged." Memorandum in Support of Motion at 10. In his Resistance, Defendant states that he does not intend "to elicit [such] testimony from any witness, other than the Defendant himself." Defendant's Resistance at 2. Accordingly, the court shall grant the government's Motion to the extent it seeks to exclude such evidence.

### C. Potential Penalties

Third, the government asks the court to exclude evidence regarding the potential penalties Defendant faces if convicted, including any possible immigration consequences, pursuant to Federal Rules of Evidence 402 and 403. In his Resistance, Defendant states that he does not intend to offer any such evidence. Defendant, however, notes that his immigration status is relevant and "[t]he jury should not be left with the improper impression that Defendant himself is not lawfully in the country." Defendant's Resistance at 3. The court shall grant the government's Motion to the extent it seeks to exclude evidence regarding the potential penalties Defendant faces if convicted. The court notes, however, that this ruling does not prohibit Defendant from introducing evidence that he is lawfully in the country as a permanent resident.

### D. Mental Health or Competency

Fourth, the government requests that the court exclude evidence regarding Defendant's mental health, competency or alleged low intelligence. The government notes that Defendant did not provide notice of intent to rely on an insanity defense, as required by Federal Rule of Criminal Procedure 12.2, and the deadline for filing such notice has passed. The government further notes that the jury will have an opportunity to "assess and weigh [Defendant's] intelligence" should he testify at trial. Memorandum in Support of Motion at 13. In his Resistance, Defendant states that he "has no current plans to introduce evidence or testimony, other than from the Defendant himself, about any mental

health or intelligence-related issues." Defendant's Resistance at 3. Accordingly, the court shall grant the government's Motion to the extent it seeks to exclude such evidence.

### E. Charging Decisions

Fifth, the government requests that the court exclude comment or evidence regarding "[t]he government's charging decisions relating to [D]efendant, or generally." Memorandum in Support of Motion at 14. In his Resistance, Defendant states that, "[t]o the extent Defendant understands this portion of the government's [M]otion, he has no current plans to raise at trial issues related to the government's charging decisions." Defendant's Resistance at 3. Accordingly, the court shall grant the government's Motion to the extent it seeks to exclude evidence or comment regarding the government's charging decisions.

### F. Form I-9

The court now turns to Defendant's request to exclude evidence regarding the Form I-9s completed by Defendant and others. The government contends that "[t]he evidence will show that [D]efendant's brother was the leader of a roofing crew that performed residential roofing work for EIC for several years." Government's Resistance at 2. In connection with their work for EIC, the members of the roofing crew, including Defendant and the alien at issue in Count 1, signed Form I-9s representing that they could lawfully work in the United States. The government maintains that the forms were all prepared on the same date and all contained false information, including false claims regarding the respective signer's immigration status.

In his Resistance and Supplemental Resistance, Defendant requests that the court exclude evidence regarding these Form I-9s. Regarding the form Defendant signed, Defendant argues that such evidence is irrelevant to his current charges and, moreover, would be "unduly prejudicial." Defendant's Supplemental Resistance at 2 (citing Fed. R. Evid. 403). Moreover, Defendant states that the court should not permit the government

5

to offer Defendant's Form I-9 as impeachment evidence should Defendant testify. Defendant also contends that evidence regarding the Form I-9s completed by individuals other than Defendant is also inadmissible. Defendant notes that these forms are not admissible pursuant to Federal Rule of Evidence 404(b) because they are not "crimes, wrongs, or other acts of Defendant." Defendant's Supplemental Resistance at 3 (quoting Fed. R. Evid. 404(b)) (internal quotation marks omitted). Furthermore, Defendant argues that the Form I-9s completed by individuals other than Defendant are irrelevant to Defendant's charges because the government has offered no evidence to suggest that Defendant assisted in preparing these forms. Finally, Defendant contends that evidence regarding the Form I-9s completed by individuals other than Defendant "would only confuse the issues and potentially mislead the jury as to the issues it must decide in this case." *Id.* at 4 (citing Fed. R. Evid. 403).

In response, the government contends that the Form I-9s signed by Defendant and his coworkers are relevant "because they show a continuing course of conduct and help to place in context [D]efendant's association with two illegal aliens on November 22 and prior to that date." Government's Resistance at 4. The government further argues that the forms are relevant to show Defendant's "knowledge or disregard to the unlawful status of his co-workers" and to show a "plan and absence of mistake." *Id.* Furthermore, the government maintains that the forms "support[] the theory that [D]efendant was not an isolated actor, but was a co-conspirator of his brother." *Id.*

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant

committed the crime in question.'" (alteration in original) (quoting *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For the reasons set forth in Defendant's Resistance and Supplemental Resistance, the court finds that evidence regarding the Form I-9s is not admissible. The court agrees with Defendant that evidence that he provided false information on a Form I-9 is irrelevant to his current charges and, even if such evidence was relevant, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. Moreover, the court agrees with Defendant that evidence regarding the Form I-9s completed by individuals other than Defendant is also irrelevant. The government points to no evidence suggesting that Defendant was involved in preparing the forms. Furthermore, even if the Form I-9s completed by individuals other than Defendant were relevant, the court finds that the probative value of such evidence would be substantially outweighed by the danger of confusing the issues and misleading the jury. Accordingly, the court shall grant Defendant's request to exclude evidence regarding the Form I-9s completed by Defendant and others. If the government can demonstrate through other evidence presented at trial that the Form I-9s are relevant, the court may reconsider this ruling.

### IV. CONCLUSION

In light of the foregoing, the government's Motion in Limine (docket no. 67) is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's request to exclude evidence regarding the Form I-9s is **GRANTED**.

7

The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED**.

**DATED** this 18th day of December, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA